UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| THE KERIK GROUP, LLC, | CIVIL ACTION NO.: |
| Plaintiff, | 07 CIV 9455 |
| vs. | COMPLAINT |
| ARMOR HOLDINGS, INC. BAE SYSTEMS, INC. and BAE SYSTEMS, PLC, | |
| Defendants. | |

JUDGE RAKOFF

Plaintiff The Kerik Group, LLC (hereinafter "The Kerik Group"), by and through its attorneys, Kaplan, von Ohlen & Massamillo, L.L.C., complaining of Defendants Armor Holdings, Inc. (hereinafter "Armor") BAE Systems, Inc. (hereinafter "BAE Systems"), and BAE Systems, Plc (hereinafter "BAE Plc"), alleges as follows:

## JURISDICTION AND PARTIES

1. Plaintiff The Kerik Group is a limited liability company formed and existing under the laws of the state of New York, with a principal place of business at 275 Madison Avenue, New York, New York 10016.

2. Defendant Armor is or was a corporation existing under the laws of Delaware, with a place of business at 13386 International Parkway, Jacksonville, FL 32218. Defendant BAE Systems is a corporation of the state of Delaware, with a principal place of business at 1601 Research Blvd, Rockville, MD 20850. Defendant BAE, Plc is a United Kingdom corporation, with a principal place of business at 6 Carlton Gardens, London, SW1Y5AD, United Kingdom.

3. Upon information and belief, one or both of Defendants BAE Systems, Inc. and BAE Systems, Plc are the successors in interest to the business of Defendant Armor.

4. This complaint alleges, *inter alia,* breach of contract, account stated, breach of the covenant of good faith and fair dealing, unjust enrichment and *quantum meruit.*

5. Subject matter jurisdiction exists by virtue of 28 U.S.C. §§ 1332.

6. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(a), (c) and (d) in that Defendants all transact business in the State of New York and acts, events, occurrences and omissions giving rise to the claims alleged herein occurred in the State of New York.

7. Defendants further regularly solicit and do business in the State of New York, derive substantial revenue from activities in the State of New York, have committed tortious acts within the State of New York, and have violated the laws of the State of New York.

## FACTS

8. The Kerik Group is a party to written contract ( the "Agreement") with Defendant Armor, dated June 14, 2006, whereby Armor contracted to pay The Kerik Group a ten percent (10%) commission on orders placed with Defendant Armor by stated customers. From June 14, 2006 and until June, 2007, Defendant Armor regularly paid to The Kerik Group the commissions due under the contract as and when Armor received partial payments from the customer.

9. In or about June, 2007, Defendant Armor requested that The Kerik Group seek advance payment by the customer of the final amounts due Defendant Armor even though Defendant Armor had not yet made the required final delivery of goods to the customer. The Kerik Group was successful in obtaining such final payment to Defendant Armor.

10. On June 19, 2007, The Kerik Group sent to Defendant Armor a final invoice in the amount of $170,582.93 for the commissions due on the final payment which Defendant Armor had received from the customer (the "June 19 Invoice").

11. Upon information and belief, Defendants BAE Systems and/or BAE Plc acquired

ownership of Defendant Armor as of July 31, 2007, and are the successors in interest to Defendant Armor and its obligations by virtue of the merger of Defendant Armor into Defendants BAE Systems and BAE Plc.

12. Since June 19, 2007, Defendant Armor and its successors BAE Systems and/or BAE Plc have acknowledged, in writing and orally, that Defendant Armor received its final payment from the customer and that the June 19 Invoice from The Kerik Group was received, have not objected in any way to the June 19 Invoice or the amounts due The Kerik Group, but have not paid and refuse to pay the final amounts due The Kerik Group.

### FIRST CAUSE OF ACTION - Breach of Contract

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through twelve (12), inclusive, with the same force and effect as if herein set forth herein.

14. Defendants breached their contract with Plaintiff by failing to pay the $170,582.93 commission due Plaintiff pursuant to the Agreement.

15. Plaintiff has suffered loss and damage in the amount of $170,582.93 as the result of Defendants' breach of contract.

### SECOND CAUSE OF ACTION - Account Stated

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through fourteen (15), inclusive, with the same force and effect as if herein set forth herein.

17. Defendants having received, accepted and paid the invoices of The Kerik Group and having received and accepted the June 19, 2007 invoice from The Kerik Group, Defendants are liable to The Kerik Group for an account stated amount of $170,582.93.

### THIRD CAUSE OF ACTION - Unjust Enrichment

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs one

(1) through seventeen (17), inclusive, with the same force and effect as if herein set forth herein.

19.  Defendants' actions, in refusing to pay The Kerik Group the uncontested amount due of $170,582.93, result in the unjust enrichment of Defendants.

20.  Plaintiff has suffered loss and damage in the amount of $170,582.93 as the result of the unjust enrichment of Defendants.

**FOURTH CAUSE OF ACTION - Breach of the Covenant of Good Faith and Fair Dealing**

21.  Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through twenty (20), inclusive, with the same force and effect as if herein set forth herein.

22.  There exists a contract, the Agreement, between Plaintiff and Defendants, and Defendants' actions subsequent to their receipt of the June 19 Invoice in improperly delaying payment due under the Agreement, based upon a variety of improperly imposed and previously non-existent alleged administrative requirements, and in interposing various in house and outside representatives and counsel as the ever-changing point of contact for receipt of payment of the amounts due, which representatives successively and eventually alleged that it was not they who had the authority to effect the payment of the amounts due The Kerik Group, comprise breaches of the covenant of good faith and fair dealing.

23.  Plaintiff has suffered loss and damage in an amount not less than $170,582.93 as the result of Defendants' breach of the covenant of good faith and fair dealing.

**FIFTH CAUSE OF ACTION - Quantum Meruit**

24.  Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through twenty-three (23), inclusive, with the same force and effect as if herein set forth herein.

25.  Plaintiff performed services as Defendants' Representative in obtaining orders for Defendants from certain customers commencing in or around June, 2006 through June 2007.

Defendants paid to Plaintiff partial compensation for such services in December 2006 and January 2007. Defendants have refused to pay to Plaintiff the remaining compensation for such services, the reasonable value of which is an amount not less than $170,582.93.

**WHEREFORE**, Plaintiff The Kerik Group demands judgment against Defendants on each Cause of Action in a sum to be shown at trial, but in no event less than $170,582.93, together with interest, attorneys fees and costs and whatever other relief may seem fitting and just to the Court.

DATED:    New York, New York
          October 23, 2007

                              Kaplan, von Ohlen & Massamillo, LLC

                              By: _____
                              Thomas G. Carulli (TC-3085)
                              Lawrence Mentz (LM-6635)
                              Eugene F. Massamillo (EM-6942)
                              555 5th Avenue
                              New York, New York 10017
                              (212) 922-0450
                              (212) 922-0530 Fax

                              *Attorneys for Plaintiff*